IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-30069 |
| | ) | |
| XIANG HUI YE, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Xiang Hui Ye's Post Trial Motions (d/e 66). On October 12, 2007, a jury returned verdicts of guilty on Count 1 of the Indictment, harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), and Count 2 of the Indictment, hiring illegal aliens in violation of 8 U.S.C. § 1324a(a)(1)(A).

Ye moves the Court to set aside the verdicts on the ground that the Government failed to present sufficient evidence to convict him on either of the charges. Ye argues that the Government's evidence lacked any corroboration on critical issues and relied only on unsubstantiated circumstantial evidence. Ye asserts that such reliance creates reasonable

1

doubt as a matter of law. However, as the Government indicates, Ye has not identified which evidence lacked corroboration or could be characterized as unsubstantiated and circumstantial. <u>Opposition to Post Trial Motions (d/e 74)</u>, at 3. Regarding the harboring illegal aliens charge, however, Ye admitted that he knew the aliens had entered the country illegally and remained in violation of the law. Moreover, the Government offered evidence that Ye signed leases on the apartments where illegal aliens lived, that Ye failed to maintain employment records, that by employing illegal aliens at Buffet City Ye gained a commercial advantage for Buffet City, and that Ye benefitted personally from the restaurant's success. Regarding the hiring of illegal aliens charge, Ye admitted that he knew illegal aliens worked at Buffet City, and the Government offered evidence showing that Ye called employment agencies to obtain workers, discussed hiring needs with his co-defendant, and helped his brother-in-law (an illegal alien) obtain a job. From this evidence, a jury could have found Ye guilty of both charges beyond a reasonable doubt.

Next, Ye contends that three particular rulings were erroneous. First, he argues that based on Federal Rules of Evidence 401, 402, and 403, the Court should have barred the testimony of Jerry Ontko, who analyzed Ye's

and Buffet City's bank records. The Court held that this evidence, which supported the Government's theory that Ye reaped private financial gain from deposits of cash that otherwise would have gone into Buffet City's account, was relevant and not unduly prejudicial. Ye fails to establish that this ruling was incorrect. The evidence clearly went toward establishing one of the elements of the offense.

Second, Ye argues that the Court incorrectly answered the jury's first question, which asked whether it should convict on the harboring illegal aliens count only if Ye "concealed, harbored, *and* shielded from detection." While the Indictment read in the conjunctive, the Supreme Court has held that a verdict may stand if the evidence is sufficient with respect to any one of the acts charged. <u>Turner v. United States</u>, 396 U.S. 398, 420 (1970). Thus, the Court correctly answered the jury's question by stating that it could consider the acts in the disjunctive. This answer conformed to the jury instruction which had been given by the Court at the close of all the evidence. <u>See Government's tendered Instruction No. 13C, which was Given Without Objection, Third Proposition (d/e 72 and 73)</u>.

Third, Ye asserts that on the jury's second question, which asked the Court to provide legal definitions of "shielding" and "concealing," the Court

should have directed the jurors to use commonsense interpretations of the words. The Court disagrees. "When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." Bollenbach v. United States, 326 U.S. 607, 612-13 (1946). The Court properly defined the terms. See United States v. Cantu, 557 F.2d 1173, 1175-76, 1180 (5th Cir. 1977); see also United States v. Rubio-Gonzalez, 674 F.2d 1067, 1072 (5th Cir. 1982).

Next, Ye asks the Court to reverse all of its rulings denying any and all of his motions and objections. The Court remains of the opinion that its rulings on Ye's motions and objections were correct at the time they were made for the reasons stated of record or for the reasons stated in written decisions. The Court therefore denies this request and will not reverse any of its pretrial or trial rulings denying Ye's motions and objections. Additionally, Ye argues that the cumulative effect of errors in the proceedings deprived him of a fair trial. As the Court has not recognized any errors in the proceedings, it disagrees.

Finally, Ye notes that official trial transcripts are not yet available and requests permission to supplement his Post Trial Motions after review of the transcripts. The Government expressed no objection. The Court will allow

Ye to file a motion to supplement his Post Trial Motions within 14 days of the filing of the transcripts. In no event, however, may he file such a motion after January 7, 2008.

THEREFORE, Defendant Xiang Hui Ye's Post Trial Motions (d/e 66) are DENIED, except that his request for permission to supplement his Motions after trial transcripts are filed is ALLOWED. This matter will proceed to sentencing, scheduled for January 28, 2008, at 1:00 p.m.

IT IS THEREFORE SO ORDERED.

ENTER:  November 14, 2007

    FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE